STEPHEN HOGAN AND GAIL HOGAN

     Plaintiffs

v.

BJ'S WHOLESALE CLUB, INC.,

     Defendant

C.A. NO.

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a) and Local Rule Cv 81, the defendant, BJ's Wholesale Club, Inc. (the "defendant"), hereby gives notice of its removal of this action from the Providence County Superior Court of Rhode Island to the United States District Court for the District of Rhode Island. In support of this Notice, the defendant respectfully states as follows:

### BACKGROUND

1.    By Summons and Complaint, plaintiff Stephen Hogan and Gail Hogan ("Plaintiffs") commenced a civil action against the defendant in Providence County Superior Court entitled Stephen Hogan and Gail Hogan v. BJ's Wholesale Club, Inc., C.A. No. PC-2022-04485 ("the Superior Court Action"). True and complete copies of the Summons and Complaint that the Plaintiffs caused to be served upon the defendant are attached as **Exhibit A.**

2.    Defendant was served with the Summons and Complaint in the Superior Court action on July 21, 2022. The parties agreed to mediation in an attempt to resolve the case without further litigation, which occurred on September 23, 2022. The plaintiff agreed to an extension of time to respond to the Complaint up to and including October 21, 2022. Mediation was unsuccessful. The

instant Notice of Removal is being filed within 30 days of the date of the mediation and within the time period agreed to for a response by the parties. It has become apparent that removal is appropriate in accordance with 28 U.S.C. § 1446(b)(3).

3.     The Superior Court Action is a suit of a wholly civil nature brought in the Superior Court of the State of Rhode Island, in and for Providence County. The United States District Court for the District of Rhode Island is therefore the proper forum and venue to which this action may be removed under the provisions of 28 U.S.C. §§ 101 and 1441(a).

4.     This Court has original jurisdiction to entertain this action because the only parties to this case are citizens of different states and because the plaintiff claims a personal injury, the damages of which are yet to be determined, but may consist of medical expenses, lost wages and earning capacity, and pain and suffering, exclusive of interest and costs. 28 U.S.C., §§ 1332(a)(1), 1441(a). Removal of this action is not prohibited by 28 U.S.C. § 1445.

5.     With respect to diversity of citizenship, the plaintiffs are residents of Cranston, Rhode Island.

6.     Defendant BJ's Wholesale Club, Inc., is a Delaware corporation having its principal place of business in Marlborough, Massachusetts, County of Middlesex.

7.     This Notice of Removal is being filed in the District of Rhode Island, the District Court of the United States for the district and division within which the Superior Court action is pending. 28 U.S.C. § 1446(a).

WHEREFORE, Defendant respectfully request that the Superior Court action be removed and herein proceed in the United States District Court for the District of Rhode Island.

The Defendant,
BJ's Wholesale Club, Inc.,

By Their Attorneys,


*/s/ Amy B. Yarbro*

Amy B. Yarbro, #8999
ayarbro@morrisonmahoney.com
250 Summer Street
Boston, MA 02210-1181
10 Weybosset Street, Ste. 900
Providence, RI 02903
Phone:    617-439-7500
Fax:        617-342-4887

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will

be sent to those indicated as non-registered participants, as listed below, on October 17, 2022.

Gil A. Bianchi, Jr., Esq.
Erica M. O'Connell, Esq.
Bianchi, Brouillard Sousa & O'Connell, P.C.
56 Pine Street
Providence, RI 02903
gbianchi@bbsolaw.com
eoconnell@bbsolaw.com

/s/Amy B. Yarbro
_____

# Exhibit A

1505893



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2022-04485 |
| **Plaintiff**<br>Stephen Hogan et al.<br>v.<br>BJ's Wholesale Club, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Gil A. Bianchi, Jr. |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>BIANCHI BROUILLARD SOUSA & OCONNELL PC<br>56 PINE STREET STE 250<br>PROVIDENCE RI 02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>200 Stonehill Drive<br>Johnston RI 02919 |

**TO THE DEFENDANT, BJ's Wholesale Club, Inc.:** C/o Genti CT Corp System 450 Veterans Memorial Plwy, Tag East Prov, RI

   The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

   As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 7/19/2022. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

# SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Stephen Hogan et al. | PC-2022-04485 |
| v. | |
| BJ's Wholesale Club, Inc. et al. | |
| **Defendant** | |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, BJ's Wholesale Club, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _CT Corp System @ 450 Veteran Memorial Pkwy, Ste, East Prov RI_
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____
_____
_____

SERVICE DATE: _7_ / _21_ / _22_          SERVICE FEE $ _45_
          Month   Day   Year   _e/21/0pm_

Signature of ~~SHERIFF or DEPUTY SHERIFF~~ or CONSTABLE          Kyle R. Norigian
                                                                 Constable #6137

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                         Notary Public: _____
                         My commission expires: _____
                         Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE, SC.

| | |
|---|---|
| STEPHEN HOGAN AND | : |
| GAIL HOGAN, | : |
| *Plaintiffs* | : |
| | : |
| v. | :     PC2022- 04485 |
| | : |
| BJ'S WHOLESALE CLUB, INC., | : |
| JOHN DOE, JOHN DOE II, AND | : |
| XYZ CORPORATION, | : |
| *Defendants* | : |

## COMPLAINT

### Parties and Jurisdiction

1.  Plaintiff Stephen Hogan is a resident of Cranston, Rhode Island.

2.  Plaintiff Gail Hogan is a resident of Cranston, Rhode Island.  Mrs. Hogan is legally married to Stephen Hogan.

3.  Defendant BJ's Wholesale Club, Inc. (hereinafter referred to as "BJ's") is, upon information and belief, a foreign for-profit corporation organized and existing under the laws of the Commonwealth of Massachusetts having a principal place of business located at 25 Research Drive, Westborough, MA 01581.  Defendant BJ's has store locations in the State of Rhode Island, specifically 200 Stonehill Drive, Johnston, RI 02919. Defendant BJ's has sufficient minimum contacts with the State of Rhode Island to confer this court's jurisdiction over it.

4.  John Doe is a fictitious party, and Plaintiffs reserve the right to amend this Complaint as a result of pleading such fictitious party.  Upon information and belief, Defendant John Doe is an individual who, at all relevant times herein, was an agent, servant or employee of BJ's, but is yet unknown to Plaintiff at this time.

5.  John Doe II is a fictitious party, and Plaintiffs reserve the right to amend this

Complaint as a result of pleading such fictitious party. Upon information and belief, Defendant John Doe II is an individual who, at all relevant times herein, was an agent, servant or employee of XYZ Corporation, but is yet unknown to Plaintiff at this time.

6. Defendant XYZ Corporation (hereinafter referred to as "XYZ"), upon information and belief, is a corporation doing business in the State of Rhode Island, and at all relevant times, had contact with BJ's Wholesale Club located at 200 Stonehill Drive, Johnston, RI 02919. Defendant XYZ is a fictitious name of a Defendant whose real name is not known to the Plaintiff. This fictitious name is used pursuant to R.I. Gen. Laws § 9-5-20.

7. The amount in controversy, exclusive of interest and costs, is sufficient to establish the jurisdiction of this Court.

8. Providence County is the appropriate venue for this action.

## **Factual Allegations**

9. At all relevant times, Defendant BJ's was engaged in the business of and sale of general merchandise.

10. Defendant BJ's owns and operates its store at 200 Stonehill Drive, Johnston, Rhode Island 02919.

11. On or about October 30, 2019, Plaintiff Stephen Hogan was a business invitee at the BJ's store located at 200 Stonehill Drive, Johnston, Rhode Island.

12. On that day, Plaintiff Stephen Hogan was struck by a cart being pushed by John Doe and/or John Doe II, an agent, servant or employee at BJ's and/or XYZ, that contained 20 cases of water on it.

13. As a result of the incident, Plaintiff Stephen Hogan has suffered personal injuries.

## COUNT I
### Negligence

14.     The prior paragraphs are hereby incorporated as if set forth in their entirety.

15.     On or about October 30, 2019, Plaintiff was a business invitee at the BJ's store located at 200 Stonehill Drive, Johnston, Rhode Island.

16.   At all times applicable herein, Plaintiff exercised due and reasonable care for his own safety.

17.   On or about October 30, 2019, Plaintiff Stephen Hogan was struck by a cart containing 20 cases of water which was being pushed by John Doe, a BJ's agent, servant or employee.  As a result, the cart struck Plaintiff's right side, causing him to spin around, strike his elbow on a shelf, and suffer serious injuries.

18. At all relevant times, Defendant BJ's, by and through its agents, servants and employees, owed a duty to exercise due and reasonable care in the ownership, management and control of its facility for the safety of its business invitees, including Plaintiff, and to protect its business invitees from injury.

19.   At all times applicable herein, Defendant BJ's, by and through its agents, servants and employees, breached those duties and was negligent to the extent that it failed to exercise reasonable care under the circumstances in the following particulars:

a.   In failing to properly control, supervise, restrict and/or direct its employees, servants, and/or agents;

b.   In failing to properly screen, train and/or monitor its employees, servants, and/or agents;

c.   In negligently hiring its employees, servants, and/or agents;

3

d. In failing to take reasonable precautions and safety measures for the safety of its business invitees;

e. In failing to exercise the necessary and reasonable care under the circumstances owed to its business invitees to prevent physical assaults and/or batteries, as well as the care necessary in choosing, training, and/or employing employees, servants, and/or agents for its facility.

20. As a direct and proximate result of the negligence of Defendant BJ's, Plaintiff was severely and permanently injured, suffered great pain of body, nerves and nervous system, was rendered disabled and impaired, suffered a loss of enjoyment of life, became liable to pay large sums of monies for hospital and medical treatment, care and attention, and Plaintiff otherwise was injured.

WHEREFORE, Plaintiff Stephen Hogan demands judgment against Defendant BJ's for compensatory damages, plus interest and costs.

## <u>COUNT II</u>
### <u>Negligent Hiring, Training, Retention and/or Supervision</u>

21. The prior paragraphs are incorporated herein by reference as if fully set forth herein.

22. Defendant BJ's failed to exercise reasonable care in (i) selecting employee, John Doe for employment, (ii) failing to train or inadequately training said employee, John Doe, and/or (iii) supervising said employee, John Doe during his employment.

23. Defendant BJ's knew or should have known that said employee, John Doe was unfit and/or incompetent to perform the tasks for which he was employed or would otherwise expose third parties such as Plaintiff to an unreasonable risk of harm.

24. As a result of Defendant BJ's negligence, Plaintiff Stephen Hogan was severely

4

and permanently injured, suffered great pain of body, nerves and nervous system, was rendered

disabled and impaired, suffered a loss of enjoyment of life, became liable to pay large sums of

monies for hospital and medical treatment, care and attention, and Plaintiff otherwise was injured

WHEREFORE, Plaintiff Stephen Hogan demands judgment against Defendant BJ's for

compensatory damages, plus interest and costs.

## COUNT III
## Negligent Entrustment

25.     The prior paragraphs are incorporated herein by reference as if fully set forth

herein.

26.     At all relevant times, John Doe, was an agent, servant or employee of Defendant

BJ's and was acting within the scope of that agency or employment.

27.     Defendant BJ's entrusted John Doe with the cart of water.

28.     On or about October 30, 2019, John Doe was incompetent and/or unfit to push a

cart of water.

29.     On or about October 30, 2019, BJ's knew or should have known that John Doe

was incompetent and/or unfit to push a cart of water.

30.     On or about October 30, 2019, John Doe negligently pushed the cart of water

resulting in serious bodily injury to Plaintiff Stephen Hogan.

31.     As a direct and proximate result of the negligence of Defendant BJ's, Plaintiff was

severely and permanently injured, suffered great pain of body, nerves and nervous system, was

rendered disabled and impaired, suffered a loss of enjoyment of life, became liable to pay large

sums of monies for hospital and medical treatment, care and attention, and Plaintiff otherwise was

injured.

WHEREFORE, Plaintiff Stephen Hogan demands judgment against Defendant BJ's for compensatory damages, plus interest and costs.

## COUNT IV
## Respondeat Superior

32.     The prior paragraphs are incorporated herein by reference as if fully set forth herein.

33.     At all relevant times, John Doe was an agent, servant or employee of Defendant BJ's and was acting within the scope of that agency or employment.

34.     Defendant BJ's is responsible for the acts of its agents, servants and employees including John Doe when acting within the scope of his agency or employment.

35.     As a direct and proximate result of the negligence of Defendant BJ's agent, servant or employee, Plaintiff was severely and permanently injured, suffered great pain of body, nerves and nervous system, was rendered disabled and impaired, suffered a loss of enjoyment of life, became liable to pay large sums of monies for hospital and medical treatment, care and attention, and Plaintiff otherwise was injured.

WHEREFORE, Plaintiff Stephen Hogan demands judgment against Defendant BJ's for compensatory damages, plus interest and costs.

## COUNT V
## Negligence

36.     The prior paragraphs are hereby incorporated as if set forth in their entirety.

37. On or about October 30, 2019, Plaintiff was a business invitee at the BJ's store located at 200 Stonehill Drive, Johnston, Rhode Island.

38.     At all times applicable herein, Plaintiff exercised due and reasonable care for his own safety.

39.    On or about October 30, 2019, Plaintiff Stephen Hogan was struck by a cart containing 20 cases of water which was being pushed by John Doe II, an XYZ agent, servant or employee. As a result, the cart struck Plaintiff's right side, causing him to spin around, strike his elbow on a shelf, and suffer serious injuries.

40.    At all relevant times, Defendant XYZ, by and through its agents, servants and employees, owed a duty to exercise due and reasonable care in the ownership, management and control of its facility for the safety of its business invitees, including Plaintiff, and to protect its business invitees from injury.

41.    At all times applicable herein, Defendant XYZ, by and through its agents, servants and employees, breached those duties and was negligent to the extent that it failed to exercise reasonable care under the circumstances in the following particulars:

  a.   In failing to properly control, supervise, restrict and/or direct its employees, servants, and/or agents;

  b.   In failing to properly screen, train and/or monitor its employees, servants, and/or agents;

  c.   In negligently hiring its employees, servants, and/or agents;

  d.   In failing to take reasonable precautions and safety measures for the safety of its business invitees;

  e.   In failing to exercise the necessary and reasonable care under the circumstances owed to its business invitees to prevent physical assaults and/or batteries, as well as the care necessary in choosing, training, and/or employing employees, servants, and/or agents for its facility.

42. As a direct and proximate result of the negligence of Defendant XYZ, Plaintiff was severely and permanently injured, suffered great pain of body, nerves and nervous system, was rendered disabled and impaired, suffered a loss of enjoyment of life, became liable to pay large sums of monies for hospital and medical treatment, care and attention, and Plaintiff otherwise was injured.

WHEREFORE, Plaintiff Stephen Hogan demands judgment against Defendant XYZ for compensatory damages, plus interest and costs.

## COUNT VI
## Negligent Hiring, Training, Retention and/or Supervision

43. The prior paragraphs are incorporated herein by reference as if fully set forth herein.

44. Defendant XYZ failed to exercise reasonable care in (i) selecting employee, John Doe II for employment, (ii) failing to train or inadequately training said employee, John Doe II, and/or (iii) supervising said employee, John Doe II during his employment.

45. Defendant XYZ knew or should have known that said employee, John Doe II was unfit and/or incompetent to perform the tasks for which he was employed or would otherwise expose third parties such as Plaintiff to an unreasonable risk of harm.

46. As a result of Defendant XYZ's negligence, Plaintiff Stephen Hogan was severely and permanently injured, suffered great pain of body, nerves and nervous system, was rendered disabled and impaired, suffered a loss of enjoyment of life, became liable to pay large sums of monies for hospital and medical treatment, care and attention, and Plaintiff otherwise was injured

WHEREFORE, Plaintiff Stephen Hogan demands judgment against Defendant XYZ for compensatory damages, plus interest and costs.

## COUNT VII

8

**Negligent Entrustment**

47.     The prior paragraphs are incorporated herein by reference as if fully set forth

herein.

48.     At all relevant times, John Doe II, was an agent, servant or employee of

Defendant XYZ and was acting within the scope of that agency or employment.

49.     Defendant XYZ's entrusted John Doe II with the cart of water.

50.     On or about October 30, 2019, John Doe II was incompetent and/or unfit to push

a cart of water.

51.     On or about October 30, 2019, XYZ knew or should have known that John Doe II

was incompetent and/or unfit to push a cart of water.

52.     On or about October 30, 2019, John Doe II negligently pushed the cart of water

resulting in serious bodily injury to Plaintiff Stephen Hogan.

53.     As a direct and proximate result of the negligence of Defendant XYZ, Plaintiff was

severely and permanently injured, suffered great pain of body, nerves and nervous system, was

rendered disabled and impaired, suffered a loss of enjoyment of life, became liable to pay large

sums of monies for hospital and medical treatment, care and attention, and Plaintiff otherwise was

injured.

WHEREFORE, Plaintiff Stephen Hogan demands judgment against Defendant XYZ for

compensatory damages, plus interest and costs.

**COUNT VIII**
**Respondeat Superior**

54.     The prior paragraphs are incorporated herein by reference as if fully set forth

herein.

55.     At all relevant times, John Doe II was an agent, servant or employee of Defendant XYZ and was acting within the scope of that agency or employment.

56.     Defendant XYZ is responsible for the acts of its agents, servants and employees including John Doe II when acting within the scope of his agency or employment.

57.     As a direct and proximate result of the negligence of Defendant XYZ's agent, servant or employee, Plaintiff was severely and permanently injured, suffered great pain of body, nerves and nervous system, was rendered disabled and impaired, suffered a loss of enjoyment of life, became liable to pay large sums of monies for hospital and medical treatment, care and attention, and Plaintiff otherwise was injured.

WHEREFORE, Plaintiff Stephen Hogan demands judgment against Defendant XYZ for compensatory damages, plus interest and costs.

## COUNT IX
## Negligence – John Doe

58. The prior paragraphs are hereby incorporated as if set forth fully herein.

59. At all times applicable herein, Defendant John Doe owed Plaintiff Stephen Hogan a legal duty to exercise reasonable care in pushing a cart containing 20 cases of water.

60.  Defendant John Doe breached his duty to Plaintiff by (i) neglecting to maintain control of the cart of water, (ii) neglecting to pull the cart of a water as instructed on the sign located on the cart which said, "Cart is designed to be pulled"; (iii) by striking Stephen Hogan with the cart; and (iv) and by otherwise failing to exercise due care under the circumstances.

61. Defendant John Doe breached his duty by negligently failing to take preventative measures to protect persons, including the Plaintiff, from the foreseeable risk of injury posed by pushing the cart of water on the Premises.

10

62. At all relevant times, Plaintiff Stephen Hogan exercised due care under the circumstances.

63. As a direct and proximate result of the negligence of John Doe, Plaintiff Stephen Hogan was severely and permanently injured, suffered great pain of body, nerves and nervous system, was rendered disabled and impaired, suffered a loss of enjoyment of life, became liable to pay large sums of monies for hospital and medical treatment, care and attention, and Plaintiff otherwise was injured.

WHEREFORE, Plaintiff Stephen Hogan demands judgment against Defendant John Doe for compensatory damages, plus interest and costs.

## COUNT X
## Negligence – John Doe II

64. The prior paragraphs are hereby incorporated as if set forth fully herein.

65. At all times applicable herein, Defendant John Doe II owed Plaintiff Stephen Hogan a legal duty to exercise reasonable care in pushing a cart containing 20 cases of water.

66. Defendant John Doe II breached his duty to Plaintiff by (i) neglecting to maintain control of the cart of water, (ii) neglecting to pull the cart of a water as instructed on the sign located on the cart which said, "Cart is designed to be pulled"; (iii) by striking Stephen Hogan with the cart; and (iv) and by otherwise failing to exercise due care under the circumstances.

67. Defendant John Doe II breached his duty by negligently failing to take preventative measures to protect persons, including the Plaintiff, from the foreseeable risk of injury posed by pushing the cart of water on the Premises.

68. At all relevant times, Plaintiff Stephen Hogan exercised due care under the circumstances.

69. As a direct and proximate result of the negligence of John Doe II, Plaintiff Stephen Hogan was severely and permanently injured, suffered great pain of body, nerves and nervous system, was rendered disabled and impaired, suffered a loss of enjoyment of life, became liable to pay large sums of monies for hospital and medical treatment, care and attention, and Plaintiff otherwise was injured.

WHEREFORE, Plaintiff Stephen Hogan demands judgment against Defendant John Doe II for compensatory damages, plus interest and costs.

### COUNT XI
### Vicarious Liability
**(Against BJ's Wholesale Club)**

70. The prior paragraphs are incorporated herein by reference as if fully set forth herein.

71. At all relevant times, Defendants John Doe and John Doe II were employees, agents, and/or servants of BJ's.

72. At all relevant times, Defendants John Doe and/or John Doe II were acting within the scope of their employment with BJ's.

73. At all relevant times, BJ's was responsible for the acts of its employees, agents, and/or servants, including Defendants John Doe and/or John Doe II.

74. As a proximate result of John Doe and/or John Doe II's negligence for which BJ's is responsible for, Plaintiff was severely and permanently injured, suffered great pain of body, nerves and nervous system, was rendered disabled and impaired, suffered a loss of enjoyment of life, became liable to pay large sums of monies for hospital and medical treatment, care and attention, and Plaintiff otherwise was injured.

WHEREFORE, Plaintiff Stephen Hogan demands judgment against Defendant BJ's for compensatory damages, plus interest and costs.

## COUNT XII
## Vicarious Liability
## (Against XYZ Corporation)

75. The prior paragraphs are incorporated herein by reference as if fully set forth herein.

76. At all relevant times, Defendants John Doe and John Doe II were employees, agents, and/or servants of XYZ.

77. At all relevant times, Defendants John Doe and/or John Doe II were acting within the scope of their employment with XYZ.

78. At all relevant times, XYZ's was responsible for the acts of its employees, agents, and/or servants, including Defendants John Doe and/or John Doe II.

79. As a proximate result of John Doe and/or John Doe II's negligence for which XYZ is responsible for, Plaintiff was severely and permanently injured, suffered great pain of body, nerves and nervous system, was rendered disabled and impaired, suffered a loss of enjoyment of life, became liable to pay large sums of monies for hospital and medical treatment, care and attention, and Plaintiff otherwise was injured.

WHEREFORE, Plaintiff Stephen Hogan demands judgment against Defendant XYZ for compensatory damages, plus interest and costs.

## COUNT XIII
## Loss of Consortium

80. The prior paragraphs are hereby incorporated as if set forth fully herein.

81. By reason of Plaintiff Stephen Hogan's injuries, Gail Hogan has suffered the loss of her husband's consortium as set forth in Rhode Island General Laws § 9-1-41(a).

WHEREFORE, Plaintiff Gail Hogan demands judgment against Defendants BJ's Wholesale Club, Inc. and XYZ Corporation for compensatory damages, plus interest and costs.

13

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

PLAINTIFFS,
STEPHEN HOGAN AND GAIL HOGAN,
By their Attorneys,


*/s/ Gil A. Bianchi, Jr.*
Gil A. Bianchi, Jr.      Bar #6421
Bianchi Brouillard Sousa & O'Connell, P.C.
56 Pine Street, Suite 250
Providence, RI  02903
Telephone: 401.223.2990
Facsimile: 877.548.4539
Email:  gbianchi@bbsolaw.com


*/s/ Erica M. O'Connell*
Erica M. O'Connell    Bar #7976
Bianchi Brouillard Sousa & O'Connell, P.C.
56 Pine Street, Suite 250
Providence, RI  02903
Telephone: 401.223.2990
Facsimile: 877.548.4539
Email:  eoconnell@bbsolaw.com


Dated: July 19, 2022